**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. RIGOBERTO PARDO-RUELAS, Defendant. | CASE NO. 13CR4196 WQH ORDER |

HAYES, Judge:

The matter before the Court is the motion to dismiss the indictment (ECF No. 14) filed by Defendant Rigoberto Pardo-Ruelas.

**FACTS**

On June 20, 1997, Defendant entered a plea of guilty in state court to the following three felony charges: Count 2 - Sell Explosive device in violation of California Penal Code § 12303.6; Count 5 - Possession for Sale of Controlled substance in violation of California Penal Code § 11378; and Count 8 - Possession with intent to manufacture methamphetamine in violation of California Penal Code § 11383. Defendant was sentenced to four years in prison on Count 2, eight months in prison on Count 5, and fourteen months on Court 8, to run consecutively. The Information shows that the Charge in Count 5 pursuant to California Penal Code § 11378 charged that Defendant "did wilfully and unlawfully possess for sale a controlled substance, to wit, AMPHETAMINE." (ECF No. 17-1 at 12).

On September 25, 2000, Defendant was served with a Notice to Appear alleging that he was subject to removal from the United States. (ECF No. 15-1). The Notice to

Appear alleged:

> You are not a citizen or national of the United States.
>
> You are a native of Mexico and a citizen of Mexico.
>
> You entered the United States at or near Calexico, California on or about January 10, 1981 as a Lawful Permanent Resident.
>
> You were on June 20, 1997, convicted in the Superior Court of the State of California, in and for the County of Riverside, for the offense of Sell/Etc Destructive Device, in violation of Section 12303.6 of the California Penal Code.
>
> For that offense, you were sentenced to confinement for a period of (4) years.
>
> You were on June 20, 1997, convicted in the Superior Court of the State of California, in and for the County of Riverside, for the offense of Possession for Sale of a Controlled Substance, in violation of Section 11378 of the California Health and Safety Code.
>
> For that offense, you were sentenced to confinement for a period of (8) months.

(ECF No.15-1 at 3). The Notice to Appear charged that the Defendant was subject to removal on the grounds that "you have been convicted of a violation of ... any law... relating to a controlled substance (as defined in section 102 of the Controlled Substances Act [21 U.S.C. 802], other than a single offense involving possession for one's own use of 30 grams or less of marijuana." *Id*.

On October 11, 2000, Defendant appeared before an Immigration Judge at a hearing. The Immigration Judge reviewed Defendant's 1997 conviction for a controlled substance offense. During the hearing, the Immigration Judge stated:

> IJ: [On] June 20th, 1997 Riverside County, were you convicted of selling a destructive device?
> Defendant: Yes.
> IJ: Were you also convicted at the same courts, same day of possession for sale of Marijuana?
> Defendant: Yes.

(ECF No. 15-3 at 4-5). The Immigration Judge interlineated the Notice To Appear to include the italicized words below:

> You were on June 20, 1997, convicted in the Superior Court of the State of California, in and for the County of Riverside, for the offense of Possession for Sale of a Controlled substance in violation of Section

1    11378 of the California Penal Code. ***to wit. marijuana***

2    For that offense, you were sentenced to confinement for a period of (8) months.

(ECF 15-1 at 3).[1]

The Immigration Judge further stated:

IJ: Alright [sic] sir, based upon what you've told me, I can find that you are subject to removal because you've been convicted of a crime involving a controlled substance and I can sustain that charge. ... Do you have any objection to my sustaining the charge that you have been convicted of a crime involving controlled substance?
Defendant: No.
IJ: Do you want to contest that at a separate hearing?
Defendant: No.
IJ: I'll sustain that charge.

IJ: Under the law, sir, I could issue and order of removal and its effective (inaudible). You would lose this permanent residence you will never be entitled (inaudible) as long as you live. In all probability you will never be allowed back into the United States for any reason whatsoever and if you return to the United States without permission we can put you in prison (inaudible). Do you understand this?
Defendant: Yes.
IJ: Immigration (inaudible) do you want to withdrawal the aggravated felony charge as alleged?
UNKNOWN: Uhm..
IJ: And I'll sustain the other charge so we can get on with things.
UNKNOWN: Uh, yes your honor.
IJ: Sustain the other charge that other aggravated felony charge is withdrawn.

(ECF No. 15-3 at 5-6. The Immigration Judge informed Defendant that he would order Defendant's removal to Mexico. The Immigration Judge stated "[D]o you understand my decision and its effects?" Defendant replied "Yes." The Immigration Judge stated: "Do you wish to appeal to a higher court?" Defendant replied: "No." *Id.* at 6. The Immigration Judge ordered the Defendant removed to Mexico. Defendant was removed immediately following the hearing.

---

[1] In order to determine whether Defendant was removable based upon this prior conviction, the INS was required to prove that the substance underlying the state law conviction was a controlled substance under federal law. *Ruiz-Vidal v. Gonzales*, 473 F.3d 1072, 1076 (9th Cir. 2007).

## CONTENTIONS OF THE PARTIES

Defendant contends that the Court should dismiss the indictment in this case on the grounds that his Order of Removal was constitutionally deficient. Defendant asserts that he was not removable as charged in the Notice To Appear. Defendant asserts that the Immigration Judge violated his due process rights by relying on his factually and legally impossible admissions that his prior conviction under California Penal Code § 11378 involved marijuana. Defendant further asserts that he satisfies the exhaustion of remedies and the judicial review requirements under Section 1326(d)(1) because the Government cannot prove that his waiver of appeal was knowing and voluntary.

The Government contends that Defendant's prior convictions under California Penal Code Section 11378 (Count 5) and California Penal Code Section 11383 (Count 8) are aggravated felonies punishable under the Controlled Substance Act and can form the basis for Defendant's valid removal. The Government further asserts that Defendant conceded removeability at his deportation hearing and that any collateral challenge must now fail.

## APPLICABLE LAW

A defendant charged with illegal reentry under 8 U.S.C. § 1326 has a Fifth Amendment right to collaterally attack his removal order because the removal order serves as a predicate element of his conviction. *United States v. Mendoza-Lopez*, 481 U.S. 828, 837-38 (1987). In order to sustain a collateral attack under §1326(d), a defendant must, within constitutional limitations, demonstrate (1) that he exhausted all administrative remedies available to him to appeal his removal order, (2) that the underlying removal proceedings at which the order was issued improperly deprived him of the opportunity for judicial review, and (3) that the entry of the order was fundamentally unfair. 8 U.S.C. § 1326(d). An underlying removal order is fundamentally unfair if: 1) an alien's due process rights were violated by defects in the underlying proceedings, and 2) he suffered prejudice as a result of the defects. *United States v. Arias-Ordonez,* 597 F.3d 972, 976 (9th Cir. 2010).

## RULING OF THE COURT

The record conclusively shows that Defendant's conviction on June 20, 1997 included three counts: Count 2: § 12303.6 - Sale of destructive device; Count 5: § 11378 - Possess for sale a controlled substance; and Count 8: §11383 - Possession with intent to manufacture methamphetamine. (ECF No. 14-2 at 6). The Information shows that the Charge in Count 5 pursuant to California Penal Code § 11378 stated in part: Defendant "did wilfully and unlawfully possess for sale a controlled substance, to wit, AMPHETAMINE." (ECF No. 17-1 at 12).

The Notice To Appear in this case charged removeability based upon the convictions in Count 2 and Count 5. (ECF No. 15-1). The Court concludes that Defendant's conviction under Section 11383 in Count 8 cannot serve as an independent basis for affirming the validity of the removal order because this conviction was not specified in the Notice To Appear. *See Chowdhury v. INS*, 249 F.3d 970, 975 (9th Cir. 2001). The record further shows conclusively that the charge in the Notice To Appear that the Defendant was removable based upon his 1997 conviction in Count 2 was withdrawn at the hearing and the Court concludes that this conviction cannot serve as an independent basis for affirming the validity of the removal order.

The record of the immigration hearing establishes conclusively that the Immigration Judge found the Defendant removable based upon a conviction on June 20, 1997 in Riverside County for "possession for sale of marijuana." (ECF No. 15-3 at 4).[2] The record in this case establishes that Defendant's conviction on Count 5 was based upon the possession for sale of AMPHETAMINE in violation of California Penal Code § 11378.[3] Defendant's admissions were not adequate to support his removal under the charge in the Notice To Appear. The Court cannot conclude that the Order of Removal

---

[2]. Defendant states that the "Case Print document in the immigration record showed that [Defendant was] charged with possession of marijuana for sale, under California Health and Safety Code § 11359, but that the charge had been dismissed." (ECF No. 25 at 4).

[3] Defendant contends that marijuana is not a controlled substance for the purposes of Section 11378. The Government does not dispute this contention.

1  was proper because the Defendant could have been properly charged in the Notice to
2  Appear and may have been removed with the proper admission.  The record establishes
3  that the October 11, 2000 Order of Removal was not based upon a proper Notice To
4  Appear and proper factual admissions to support the Order of Removal.   Under the
5  facts of this case, Defendant's concession of removeability clearly contradicted by the
6  factual record does not relieve the Immigration Service of its burden of establishing
7  removeability.

8       The Court concludes that the Immigration Judge's finding of removeability
9  violated Defendant's due process rights and the subsequent order of removal was
10 invalid.  There is no evidence in the record to support a finding that the Defendant's
11 waiver of his right to appeal was considered and intelligent.  Under the facts of this
12 case, the Court concludes that Defendant was removed based upon an invalid order and
13 clearly suffered prejudice.  *See  United States v. Camacho-Lopez*, 450 F.3d 928, 930
14 (9th Cir. 2006).

15      IT IS HEREBY ORDERED that the motion to dismiss the indictment filed by
16 Defendant Rigoberto Pardo (ECF No. 14) is granted.

17 DATED:  March 24, 2014

18                                     **WILLIAM Q. HAYES**
19                                     United States District Judge

20
21
22
23
24
25
26
27
28